**James C. KONDIK and Diane S. Kondik, Petitioners**

v.

**UNITED STATES, Respondent.**

**No. 5:93 CV 2493.**

United States District Court, N.D. Ohio, Eastern Division.

April 28, 1995.

---

James C. Kondik and Diane S. Kondik, Pro Se.

Annette G. Butler, Office of the U.S. Attorney, Cleveland, OH, for Respondent.

### ORDER

OLIVER, District Judge.

This court adopts the Report and Recommendation of Magistrate Judge Hemann issued in the above-captioned case on March 13, 1995, which recommends dismissing petitioners' petition to quash the summons issued to Fidelity investments and overruling the petition to quash summonses issued to the other third party record keepers and granting respondent's motion for summary judgment. Although petitioners filed objections to the Magistrate's Report and Recommendation, the court finds these objections unpersuasive.

Petitioners raise the following three objections to the Magistrate's Report and Recommendation: the IRS did not follow its own procedures as established by statute; the Petitioners do have standing to challenge sufficiency of the summons and the procedure by which they were issued; and this court does have jurisdiction over the summons issued to Fidelity Investments.

First, as is the Magistrate Judge, this court, too, is troubled by the Internal Revenue Service ("IRS") not following its own code. Magistrate's Report and Recommendation, at 15. However, this court finds, as did the Magistrate Judge, that the departures were *de minis,* in that the IRS agent manifested no bad faith, neither did his actions harm nor otherwise prejudice the Petitioners. Id. Second, the Magistrate Judge questioned whether or not Petitioners had standing to challenge the procedure by which the summonses were issued. Nevertheless, the Magistrate Judge, for purposes of her Report and Recommendation, assumed that Petitioners had standing. Accordingly, this court need not address Petitioners' objection on this basis for it did not affect the Magistrate Judge's recommendations. Finally, Petitioners argue that this court has jurisdiction over its petition to quash the summons served on Fidelity Investments. Fidelity Investments is located in Boston, Massachusetts. As the Magistrate Judge found, 26 U.S.C. Section 7609(h)(1) clearly prohibits this court from exercising jurisdiction over this petition as it relates to Fidelity Investments.[1] Magistrate Report and Recommendation, at 6–7. For the foregoing reasons, having found Petitioners' objections unpersuasive, this court hereby adopts the Report and Recommendation of the Magistrate Judge.

IT IS SO ORDERED.

### JUDGMENT ENTRY

This court, by order, having adopted the Report and Recommendation of the Magistrate Judge, hereby dismisses petitioners' petition to quash the summons issued to Fidelity investments, overrules the petition to quash the summonses issued to the other third party record keepers and grants respondent's motion for summary judgment.

IT IS SO ORDERED.

---

1.  26 U.S.C. Section 7609(h)(1) states:

(h) Jurisdiction of district court; etc—

(1) Jurisdiction—The United States district court for the district in within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g). Any order denying the petition shall be deemed a final order which may be appealed.